## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Thomas D'Aquin and Esther Kelly, | Civ. Action No. 2:15-cv-1963 |
| Plaintiffs | Judge Berrigan (C) |
| v. | Magistrate Shushan |
| Starwood Hotels and Worldwide Properties, Inc., Patrick Jordan, Don Norwood, Hanover Insurance, Nefertit France, Colleen Ewert, Adam Aron, Thomas Mangas, Alan Scnaid, Martha Poulter, Simon Turner, Douglas Neil Lurie, Orthopedic Associates of New Orleans, and Touro Rehab, | |
| Defendants | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT

Defendants Douglas Neil Lurie, M.D. ("Dr. Lurie") and Orthopaedic Associates of New Orleans[1] ("OANO") respectfully submit the following memorandum in support of their motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and alternative motion for a more definitive statement pursuant to Rule 12(e).

### 1.  Plaintiffs have failed to state a claim upon which relief may be granted.

First, defendants are entitled to dismissal because the amended complaint [ECF Doc. #6] is vague, incoherent, and fails to plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Therefore, Rule 12(b)(6) warrants dismissal because plaintiffs have failed to state a

---

[1] Incorrectly identified as "Orthopedic Associates of New Orleans" in plaintiffs' amended complaint.

claim upon which relief may be granted.

In reviewing a motion to dismiss for failure to state a claim, courts must accept the allegations of the complaint as true, but disregard "conclusory allegations or legal conclusions masquerading as factual conclusions." *See, e.g., Abrams Shell v. Shell Oil Co*., 343 F.3d 482, 486 (5th Cir. 2003); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). In its landmark decision in *Twombly,* the Supreme Court abrogated the liberal pleading standards allowed in *Conley v. Gibson*, 355 U.S. 41 (1957) and required that a plaintiff provide specific "grounds upon which [the claim] rests." 550 U.S. at 555. *Twombly* recognized that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations omitted). This principle demands that a complaint be dismissed if it is devoid of details and factual basis to support the conclusions underlying the complaint. *See Jones v. Alcoa, Inc*., 339 F.3d 359, 363 (5th Cir. 2003). Thus, a complaint should be dismissed if it fails to allege an element of a claim necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 565 (internal citations omitted). *See also In re Katrina Canal Breaches Litigation*, 495 F.3d 191 (5th Cir. 2007).

To defeat a 12(b)(6) motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted).

"The court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to' save a complaint." *Id*. (citations omitted).

Here, plaintiffs' complaint is so vague and incoherent that it fails to state a claim whatsoever against defendants, much less a claim that rises to the level of "plausible" as required under *Twombly*. It appears that plaintiffs' allegations against Dr. Lurie and OANO are limited to paras. XXI, XXII, and XXXIII [*sic*] of the amended complaint, although it is not even clear that each of those paragraphs relates to Dr. Lurie and OANO. There, plaintiffs allege [*sic* throughout]:

XXI

Defendant Lurie schedule to the patient because she was minority and immigrant to have a surgery at a not so none hospital. The Defendant said would be no issue and put the cost above the patient . The Defendants refused to give the Plaintiffs the recommendations after they were discriminated against and had to pay cash. This is discriminatory because if Plaintiffs had insurance they would be like 90 percent of Health Insurance Policies had a deductible. Defendants stated that they are aware of that but that is how they operate.

XXII

Defendants office has may use the Plaintiffs Medical Record to obtain funding for operation but refused to give the same information to the patient because of her immigration status and color. This is evident because in a city of New Orleans and the number of patients that are of color. The Defendants office has no one of color working for the doctors.

XXXIII

On May 30, 2015, Plaintiff out of desperation because of pain and the orders of the Methodist Hospital in Memphis, Tennessee ordered her to have her broken ankle exams to see if needed surgery if the pain existed. The Defendants person who checked on the plaintiff and seeing the X-rays volunteered to give her another prescription. If Plaintiff was white the standard procedure would have had an orthopedic exam her according to three doctors that do surgeries at Touro. The Defendants refused medical treatment. Instead a black nurse did not request an orthopedic and against the opinion of a white nurse refused to call an orthopedic which according to Memphis he would perform an immediate surgery. The attending nurse saw all the X-rays and the and the Methodist Hospital of

Methodist of Memphis Hospital recommendation. The nurse dismissed the plaintiffs because of immigration and relationship status.

Providing only these vague and incoherent allegations, plaintiffs have failed to allege what duty, if any, Dr. Lurie and OANO owed to plaintiffs, and whether that duty, if any, was breached, and if so, by what conduct. It seems perhaps that plaintiffs are alleging that Dr. Lurie and OANO declined to perform surgery on Esther Kelly when it became apparent that no one would agree to pay for the surgery. Such conduct would clearly not entitle plaintiffs to relief, and certainly not under any federal question, which is necessary for this Court to exercise jurisdiction, as set forth below.

Plaintiffs also allege that the basis for their suit is the Civil Rights Act of 1964. Plaintiffs provide no explanation on this point nor do they indicate which provisions of the Civil Rights Act of 1964 were allegedly violated. On a motion to dismiss, plaintiffs are not entitled to be the benefit of the doubt in an effort to "save the complaint." *Campbell,* 43 F.3d at 975. Nevertheless, for the sake of argument, it seems that the closest possible legal theory for plaintiffs' allegations against Dr. Lurie and OANO would be a racial discrimination claim under 42 U.S.C § 1981 – however,  even giving plaintiffs this benefit, they still do not allege a § 1981 claim with sufficient plausibility to survive a motion to dismiss. Section 1981 provides that "all persons within the jurisdiction of the United States shall have the same right... to make and enforce contracts... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines the term to "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

A plaintiff's claim for racial discrimination under § 1981 on account of his race must allege facts establishing the following: (1) that he is a member of the racial minority; (2) that the

defendant intended to discriminate against him on the basis of race; and (3) that the discrimination deprived the plaintiff of one of the rights guaranteed under § 1981 (e.g., the right to make and enforce contracts). *Bellows v. Amoco Oil Co*., 118 F.3d 268, 274 (5th Cir. 1997) (citing *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994)); *Jeffrey v. Columbia Med. Ctr. at Lancaster Subsidiary LP*, 48 Fed. Appx. 103, 2002 WL 31016499, p. 5 (5th Cir. 2002). Generally, to assert a claim under § 1981, a plaintiff must show that its dealings with the defendant rise to a contractual relationship. *See Bellows*, 118 F.3d at 274; *Miller v. Wachovia Bank*, 541 F. Supp. 2d 858, 861 (N.D. Tex 2008); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage*, 409 F.3d 833, 837 (7th Cir. 2005).

Here, even if the Court liberally reads the amended complaint as purporting to state a § 1981 claim, which it should not, plaintiffs still do not allege a § 1981 claim with sufficient plausibility to survive a motion to dismiss. While plaintiffs make conclusory allegations about racial discrimination, they fail to identify any contract or contract terms that defendants modified through their actions. *Grambling*, 286 F.Appx. at 869. Additionally, the amended complaint does not show racial animus on the part of defendants regarding any contractual decisions. *Whitehurst v. Showtime Networks*, Inc., 2009 WL 3052663 (E.D. Tex. Sept. 22, 2009) (citing *Grambling*, 286 F. Appx at 870 (considering no showing of racial animus as a motivating factor in holding that § 1981 claim was "implausible" under pleading requirements of *Twombly*)); *see also Coleman v. Houston Indep. Sch. Dist*., 113 F.3d 528, 533 (5th Cir.1997) ("a cause of action for racial discrimination in the making and enforcement of contracts, under § 1981, requires the plaintiff to demonstrate intentional discrimination."). In fact, according to the amended complaint, Dr. Lurie and OANO declined to proceed with surgery for a distinctly "colorblind" reason: no one had agreed to pay for the surgery. This clearly does not constitute racial animus.

Accordingly, plaintiffs have not stated a claim under § 1981.

As demonstrated above, the amended complaint is vague, incoherent, and fails to plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Therefore, Rule 12(b)(6) warrants dismissal because plaintiffs have failed to state a claim upon which relief may be granted.

### 2. To the extent plaintiffs allege negligent medical treatment, which they do not, those claims are premature.

Additionally, to the extent that plaintiffs' amended complaint can be read to allege that defendants provided any negligent medical treatment, which it does not, those claims should also be dismissed as they are premature. Dr. Lurie is a qualified health care provider within the meaning of La. R.S. 40:1299.41 *et seq*. and as such is entitled to all of the benefits of the Medical Malpractice Act. *See* Exhibit A. In pertinent part, La. R.S. 40:1299.47(B)(1)(a)(i), provides, "[n]o action against a health care provider covered by this part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." Therefore, to the extent that plaintiffs' amended complaint can be read to allege that defendants provided any negligent medical treatment, which it does not, those claims should also be dismissed as they are premature.

### 3. Plaintiffs have failed to state a claim for which the Court has jurisdiction.

Additionally, defendants are entitled to dismissal under Rule 12(b)(1) because the Court lacks jurisdiction over plaintiffs' allegations.

Plaintiffs have invoked federal question jurisdiction under 28 U.S.C. § 1331. However, there is no federal question at issue here. As set forth above, plaintiffs have not sufficiently

alleged a claim under either the Civil Rights Act of 1964 or 42 U.S.C § 1981. Plaintiffs also cite the Hate Crimes Protection Act of 2009, 18 U.S.C. 249, but that law provides only criminal remedies, not civil ones. To impart jurisdiction, federal claims must be colorable and non-frivolous. *See Brown v. Mine Safety Appliances Co*., 753 F.2d 393, 394-5 (5th Cir. 1985); *Williams v. Conseco, Inc.,* 57 F.Supp.2d 1311, 1316-17 (S.D. Ala. 1999). Plaintiffs' claims are neither, and therefore they cannot provide the basis for jurisdiction under 28 U.S.C. § 1331.

Plaintiffs have not alleged diversity jurisdiction under 28 U.S.C. § 1332. To the extent the Court finds that they have implied such, which the Court should not, defendants submit that diversity does not exist in this case, which involves Louisiana plaintiffs suing at least one Louisiana defendant, OANO. For these reasons, the Court lacks jurisdiction and defendants are entitled to dismissal under Rule 12(b)(1).

### 4. Alternatively, plaintiffs should be required to state their allegations with greater specificity.

For all of the reasons set forth above, defendants are entitled to dismissal from this suit. In the alternative only, and without waiving their defenses set forth above, defendants request that the Court require plaintiffs to state their allegations with greater specificity pursuant to Rule 12(e).

Rule 12(e) provides in pertinent part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Beanal v. Freeport McMoRan, Inc*., 197 F.3d 161, 164 (5th Cir. 1999). As set forth above, the allegations in the amended complaint are incoherent, to say the least. Defendants submit that such defects warrant dismissal. Should the Court disagree, at the very least plaintiffs should be

required to provide a more definite statement of their complaint so that defendants can be reasonably put on notice of plaintiffs' claims and be given a reasonable chance to respond.

WHEREFORE, defendants Douglas Neil Lurie, M.D. and Orthopaedic Associates of New Orleans request that the Court enter an order granting this motion and dismissing them as defendants to this action with prejudice, and for all other just and appropriate relief.


Respectfully submitted,

BRADLEY MURCHISON KELLY & SHEA LLC


By:   /s/ Michael C. Mims
C. WM. BRADLEY JR. [#03371]
RICHARD S. CRISLER [#28007]
MICHAEL C. MIMS [#33991]
1100 Poydras St., Ste. 2700
New Orleans, La 70163 -2700
Tel.: 504.596.6300
Fax: 504.596.6301

**Attorneys for Defendants Douglas Neil Lurie, M.D. and Orthopaedic Associates of New Orleans**


## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 15th day of July 2015, served a copy of the foregoing pleading upon all counsel of record and the parties named herein by serving the counsel through the Court's ECF system


/s/ Michael C. Mims
OF COUNSEL