UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THOMAS D'AQUIN, et al**                                **CIVIL ACTION**

**VERSUS**                                                **NO. 15-1963-HGB-SS**

**STARWOOD HOTELS AND WORLDWIDE
PROPERTIES, INC., et al**

## ORDER

TOURO INFIRMARY'S MOTION FOR MORE DEFINITE STATEMENT (Rec. doc. 20)

**DENIED**

On June 8, 2015, Thomas D'Aquin and Esther Kelly (sometime collectively referred to "Plaintiffs") filed a complaint against Starwood Hotels and Worldwide Properties, Inc. and ten other defendants. Rec. doc. 1. On June 23, 2015, Plaintiffs filed an amended complaint. The allegations in Paragraphs XVI to XXXIII were added. In Paragraph XXXIII the word "Touro" appears in the statement that "[i]f Plaintiff was white the standard procedure would have had an orthopedic exam her according to three doctors that do surgeries at Touro." Rec. doc. 6 at 11. Touro Rehab is named as a defendant in the caption. Id. at 2.[1]

Touro Infirmary filed a motion for a more a definite statement pursuant to Fed. R. Civ. P. 12(e). Rec. doc. 20. Plaintiffs filed a response and argue that: (1) Touro Infirmary's motion is a delaying tactic; (2) they are suing all defendants for conspiracy and violations of the Civil Rights Law of 1964; and (3) the acts of the defendants include denial of medical care and more particularly failure to replace a wet cast that could hinder healing and which caused infection.

---

[1] On June 21, 2015, Thomas L. D'Aquin filed a complaint against Touro Infirmary, OANO and Dr. Lurie. CA 15-2842-HGB-SS. OANO appears to refer to Orthopaedic Associates of New Orleans. Dr. Lurie appears to refer to Douglas N. Lurie, M.D., who is an orthopedic surgeon with Orthopedic Associates of New Orleans. Plaintiff's application to proceed *in forma pauperis* was denied. Rec. doc. 3. The case was marked closed. Plaintiff filed a motion to reconsider the application to proceed *in forma pauperis*. The allegations in the complaint in CA 15-2842 are similar to those found in Plaintiffs' response (Rec. doc. 22) in this matter.

Rec. doc. 22. In the last three paragraphs of Plaintiffs' response, particular statements are made regarding the conduct of Touro Infirmary after the Plaintiffs entered the hospital. For example, the response states, "[t]he Defendants falsified documents stating that an attending Doctor treated the Plaintiffs and prescribed the medicine." Id. at 2.

Plaintiffs are proceeding *pro se*. The allegations of a *pro se* complaint are held "to less stringent standards than formal pleadings drafted by lawyers. . . ." Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972). Fed. R. Civ. P. 8(a) requires that a claim for relief contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that Plaintiffs are entitled to relief; and (3) a demand for the relief sought.

To the extent the basis for jurisdiction in the amended complaint is ambiguous, Plaintiffs' response states that all defendants are being sued under the Civil Rights Act of 1964. Plaintiffs' response provides Touro with enough information to satisfy the second requirement of Rule 8(a). The amended complaint contains a demand for the relief sought. Nothing will be gained by requiring Plaintiffs to further amend their complaint to include the information found in Plaintiffs' response.[2]

IT IS ORDERED that Touro Infirmary's motion for more definite statement (Rec. doc. 20) is DENIED.

New Orleans, Louisiana, this 30th day of July, 2015.

_____
SALLY SHUSHAN
U.S. Magistrate Judge

---

[2] On July 27, 2015, Touro Infirmary filed a motion to dismiss. Rec. doc. 27. It seeks dismissal for the same reasons presented by other defendants in their motions to dismiss. Rec. docs. 21 and 25.