UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS D'AQUIN and ESTHER KELLY | CIVIL ACTION |
| VERSUS | NO:     15-1963 |
| STARWOOD HOTELS AND WORLDWIDE PROPERTIES INC, ET AL | SECTION: "C" |

**ORDER AND REASONS**

Before the Court are several motions by the defendants. These include:

(1) Motion to Dismiss and, in the alternative, Motion for a More Definite Statement by Douglas Neil Lurie ("Lurie) and Orthopaedic Associates of New Orleans ("OANO") (Rec. Doc. 21);

(2)  Motion to Strike by Lurie and OANO (Rec. Doc. 24);

(3)  Motion to Dismiss by Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), The Hanover Insurance Company ("Hanover"), and numerous individual defendants (Rec. Doc. 25); and

(4) Motion to Dismiss by Touro Infirmary ("Touro") (Rec. Doc. 27).

The motions are before the Court on the briefs and without oral argument. Having considered the record, the law, and the arguments of the parties, and for the reasons discussed herein, the Court hereby GRANTS the motion to dismiss by Lurie and OANO (Rec. Doc. 21), the motion to

1

dismiss by Starwood, et al (Rec. Doc. 25), and the motion to dismiss by Touro Infirmary (Rec. Doc. 27). The Court DENIES AS MOOT the motion to strike (Rec. Doc. 24).

### I.     Background

This is a *pro se* action for compensation stemming from what plaintiffs allege to be discriminatory treatment perpetrated by the many defendants named in this case. According to the amended complaint, the plaintiffs, Thomas D'Aquin and Esther Kelly, appear to allege that they were treated in a discriminator manner based on their status as an interracial couple when they stayed in a hotel operated by some of the defendants, and then denied medical care after allegedly suffering a broken ankle. Rec. Doc. 1 at 3. The plaintiffs allege that they were given a hotel room at the Westin Hotel with a leaky toilet, and that the defendants refused to fix the toilet or move the plaintiffs to another room. They allege that Kelly suffered a broken ankle while staying in the hotel, that the hotel initially refused to call an ambulance, and that they were made to wait an hour and a half to receive treatment. They complain that following this incident, which appears to have taken place in Memphis, the defendants used a discriminatory method for determining their offer for a monetary settlement. *Id*. at 4. Plaintiffs claim that the defendants have violated the Civil Rights of 1964, the Hate Crimes Protection Act of 2009, and rights under the Fifth and Fourteenth Amendments of the Constitution. *Id*. at 2. They seek $60 million from each defendant for pain and suffering as a result of the incidents alleged in the complaint. *Id*. at 11.

### II.    Standard of Review

A motion to dismiss will be granted when a complaint does not provide, "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complainant must plead facts that raise the right of recovery above speculation. *Twombly,* 550 U.S. at 555-556. "While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Fed. R. Civ. P. Rule 12(b)(6), 28 U.S.C.A. In assessing a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation,* 459, F.3d 191, 205 (5th Cir. 2007).

**III.    Law and Analysis**

As a threshold matter, this Court interprets pleadings and briefs of pro se litigants liberally "to afford all reasonable inferences which can be drawn from them." *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010).

a. *Hate Crimes Protection Act of 2009*

Defendants point out that the Hate Crimes Protection Act is a criminal statute that cannot serve as the basis for a civil cause of action. Rec. Doc. 25-1 at 9-10. This assertion is correct. Other federal courts have observed that the Act provides "only criminal penalties for federal hate crimes, and does not provide for any civil cause of action that may be raised by private

individuals." *Lee v. Lewis*, Civ. A. No. 10-55, 2010 WL 5125327, *2 (E.D.N.C. 10/29/2010) (citing 18 U.S.C. §249). Accordingly, the plaintiffs' claims under this statute are DISMISSED WITH PREJUDICE.

    b. *Fifth and Fourteenth Amendment Claims*

Plaintiffs claim that they were denied "Life, Liberty and the Pursuit of Happiness." Rec. Doc. 6 at 2. The Court interprets this allegation as attempting to claim violations of plaintiffs' rights under the Fifth and/or Fourteenth Amendments. However, defendants are correct to point out that plaintiffs' right to due process under these Amendments only applies to actions by governmental entities or those acting under color of law. Because the defendants in this action are all private actors and plaintiffs have not otherwise alleged actions by state actors, the Court finds that this claim must be dismissed.

    c. *Civil Rights Act of 1964*

Defendants argue that plaintiffs are not eligible for monetary relief under the Civil Rights Act of 1964 because Title II of the Act provides that private actors may obtain only injunctive relief. Rec. Doc. 25-1. Title II of the Civil Rights Act of 1964 prohibits discrimination in public accommodations. *Fahim v. Marriott Hotel Services, Inc*. 553 F.3d 344, 350 (5th Cir. 2008). The Fifth Circuit has set forth that to establish a prima facie case under Title II, a plaintiff must show that he or she (1) is a member of a protected class; (2) attempted to contract for the services of a public accommodation; (3) was denied those services; and (4) the services were made available to similarly situated persons outside the protected class. *Id*. at 350. However, the Court notes that the Fifth Circuit enunciated this test for a case in the summary judgment phase. *Id* at 348. Here, the Court is entertaining a motion to dismiss. The Court finds that to hold plaintiffs to the same standard at this stage would be inappropriate.

Moreover, the Court does not agree with defendants' argument that Title II only applies to denials of access to places of public accommodation. Rec. Doc. 25-1 at 8. The language of the statute provides that:

> All persons shall be entitled to the *full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations* of any place of public accommodation. . . without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. §2000a (emphasis added). Although the language quoted by defendants in *Daniel v. Paul* underscores the importance of removing denials of access to public accommodations, there is nothing in that opinion that limits the scope of the statute to access alone. 395 U.S. 209, 307-08 (1969).

Nevertheless, the Court finds that plaintiffs have failed to allege a plausible claim. Plaintiffs state they were given a room with a broken toilet which caused an ankle injury, that the hotel failed to fix the toilet and failed to move them to another room, that they were denied prompt medical treatment, and were not refunded the cost of their hotel stay, and that the defendants used a discriminatory method in determining the monetary amount to offer plaintiffs in exchange for settlement of their claims. Rec. Doc. 6. Plaintiffs claim that this treatment was the result of racial animus. However, their assertions of racial bias are conclusory and speculative. Plaintiffs do not set forth their specific grounds for concluding that they were treated differently based on their race. Thus, the amended complaint does not raise a right to relief based on racial discrimination that rises beyond the level of speculation, and this claim must be dismissed.

## IV.    Conclusion

Accordingly, IT IS ORDERED that the motions to dismiss by Lurie and OANO; Starwood, et al.; and Touro are GRANTED (Rec. Doc. 21, 25, 27). The Court DENIES AS MOOT the motion to strike (Rec. Doc. 24) and motion to dismiss by Touro (Rec. Doc. 27). This action is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 4th day of September, 2015.

UNITED STATES DISTRICT JUDGE