## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS D'AQUIN and ESTHER KELLY** | **CIVIL ACTION** |
| **VERSUS** | **NO:    15-1963**<br>**C/W 15-2842** |
| **STARWOOD HOTELS AND WORLDWIDE PROPERTIES INC, ET AL** | **SECTION C(1)**<br>*Pertains to:* **15-2842** |

## <u>ORDER AND REASONS</u>

Before the Court are two motions to dismiss by Touro Infirmary, Orthopaedic Associates of New Orleans, and Douglas Neil Lurie, M.D. (collectively "defendants"). *See* Civ. A. 15-1963, Rec. Docs. 47 and 49. Having considered the record, the law, and absence of any objection to defendants' motions, and for the reasons discussed herein, the Court hereby GRANTS the motions to dismiss.

### I.      Background

This is a *pro se* action for compensation stemming from what plaintiff alleges to be discriminatory treatment of plaintiff and plaintiff's wife perpetrated by defendants in violation of the Civil Rights Act of 1964. According to the complaint currently before the Court, the plaintiff, Thomas D'Aquin, appears to allege that he and his wife, based on their status as an interracial couple and his wife's immigrant status, were discriminated against when they sought medical care for his wife's ankle. *See* Civ. A. 15-2842, Rec. Doc. 1. It appears that plaintiff alleges that he was denied access to a doctor, that defendants refused to conduct certain tests and examinations on plaintiff's wife, did not replace a wet cast plaintiff's wife was wearing, gave prescriptions without the advice of a doctor and, somewhere during this time, that defendants

1

said "something incredibl[y] racist." *See id.* at 1–2. Plaintiff appears to further allege that, either during that same visit or later, he and his wife again sought medical attention from defendants and again were denied proper care, discriminated against because of a "discriminatory method that Defendants have for paying for service," wrongfully removed plaintiff's wife's cast, and performed unnecessary surgery. *See id.*

From there, it appears plaintiff alleges defendants denied him access to his wife's medical records, which delayed her ability to receive needed medical services in the United Kingdom. *See id.* at 2. It appears plaintiff alleges that because of the defendants' discrimination, plaintiff's wife had to forego an opportunity to return to the United States and missed an opportunity to become a tennis pro for four clubs in Dallas, Texas. *See id.* at 2. Plaintiff seeks $2,000,000 from each defendant under the Civil Rights Act of 1964 for pain and suffering resulting from the defendant's alleged discrimination and "the fact that through this discrimination [plaintiff] will have to live through the fact his child will not be born in the United States and cannot benefit from the United States has to offer and cannot be President." *Id.* at 3.

Defendants argue that plaintiff's complaint in this action is deficient on two grounds. First, that it is duplicative of a complaint already filed by plaintiffs against the defendants and which has already been dismissed by the Court. *Compare* Civ. A. 15-1963, Rec. Docs. 6 at 10–11*, with* Civ. A. 15-2842, Rec. Doc. 1; *see also* Civ. A. 15-1963, Rec. Doc. 48. Second, that the complaint fails to state a claim. *See generally* Civ. A. 15-1963, Rec. Doc. 47-1 at 3–7.

## II.     Standard of Review

As a threshold matter, the Court notes that it interprets pleadings and briefs of pro se litigants liberally "to afford all reasonable inferences which can be drawn from them." *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010). A motion to dismiss will be granted

when a complaint does not provide, "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complainant must plead facts that raise the right of recovery above speculation. *Twombly,* 550 U.S. at 555-556. In assessing a motion to dismiss, a court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation,* 459, F.3d 191, 205 (5th Cir. 2007). Furthermore, a district court has discretion to dismiss a complaint currently before it where the court finds it to be duplicative of a previously filed claim. *See Cambridge Toxicology Group v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

### III.    Discussion

Both because it is duplicative and because it fails to state a plausible claim, the Court dismisses the complaint currently before it with prejudice.

The complaint currently before the Court is duplicative of the complaint the Court has already dismissed with prejudice for failing to state a claim. *Compare* Civ. A. 15-1963, Rec. Docs. 6 at 10–11*, with* Civ. A. 15-2842, Rec. Doc. 1; *see also* Civ. A. 15-1963, Rec. Doc. 48. In the already dismissed complaint, plaintiff and his wife alleged that plaintiff and his wife, as result of discrimination, faced objectionable hospital billing practices, had to obtain medical treatment in the United Kingdom, were delayed in obtaining medical records, and that plaintiff's wife did not receive appropriate tests and received poor ankle surgery. *See* Civ. A. 15-1963, Rec. Doc. 6 at 10–11. While not *exactly* the same as the complaint currently before the Court, the material substance, and flaws, of the earlier dismissed complaint predominate the substance of

the complaint here. As before, the assertions against defendants' alleged mistreatment of plaintiff are conclusory and speculative. As the Court concluded in its earlier dismissal, the plaintiff has not set forth the specific grounds necessary to conclude that it was plausible that defendants treated plaintiff differently on the basis of race or nationality. *See* Civ. A. 15-1963, Rec. Doc. 48 at 5.

Accordingly,

IT IS ORDERED that the motions to dismiss by Douglas Neil Lurie and Orthopaedic Associates of New Orleans (Rec. Doc. 47) and Touro Infirmary (Rec. Doc. 49) are GRANTED and the complaint filed in Civil Action 15-2842 is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 10th day of November, 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE